UNITED STATES of America,
Plaintiff–Appellee,

v.

Raul GARCIA–CERVANTES,
Defendant–Appellant.

No. 04–41392.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

. Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Raul Garcia–Cervantes appeals his guilty-plea sentence for illegal reentry af-

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

ter deportation in violation of 8 U.S.C. § 1326(a) and (b). He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Garcia–Cervantes also argues that, in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system.

Garcia–Cervantes acknowledges that his first argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he wishes to preserve the issue for Supreme Court review in light of *Apprendi*. *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). Thus, we must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

We review Garcia–Cervantes's second argument, challenging the imposition of his sentence under a mandatory sentencing guidelines scheme, for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.2005); *see also United States v. Malveaux*, 411 F.3d 558, 560 n. 9 (5th Cir. Apr.11, 2005). After *Booker*, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. *Valenzuela–Quevedo*, 407 F.3d at 733–34. However, nothing in the record indicates

that the plain error affected Garcia–Cervantes's substantial rights. *See id.* Accordingly, Garcia–Cervantes's sentence is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.